United States and this Honorable Court. Please be seated. Good morning. We have three cases that are on the calendar that will be submitted on the briefs. Those are 25-2031 Nancy Delgado-Sarabia v. Pamela Bondi, 25-3401 Ophelia Serna-Panaloza v. Pamela Bondi, and 25-3525 Kula Silla v. Pamela Bondi. In accordance with the respective orders previously entered on the dockets of those three cases, those three cases are hereby submitted on the briefs. We'll now proceed to hear argument in the first case on calendar for argument this morning which is 24-4004 Michelle Derby v. County of Columbia will hear first from Mr. Johnston. Good morning. Jacob Johnston appearing for plaintiff appellant Michelle Derby. I would like to reserve three minutes for rebuttal. May it please the court. The district court did not use the correct legal framework, plain and simple. The correct legal framework would focus on what William understood about the harm done to him by defendants and not how a mentally stable and not how mentally stable a diagnosed schizophrenic is at any point in time. So counsel, what evidence do you maintain is in the summary judgment record that Mr. Derby could not comprehend his rights after June 2017? Well, there is no evidence before the district court on the defendant's motion for summary judgment as to what William understood about the harm done to him by defendants. But the defendants are permitted to point to the absence of evidence which shifts the burden to you. Is that correct? No, that is not correct, your honors. The burden is on the defendants to either produce evidence that would negate an essential element of plaintiff's reliance on the tolling statute. Right, that's one. And the other is point to the absence of evidence. Correct. But nothing that the defendants offered negated the possibility of William being placed on the stand at trial and saying, no, I'm sorry, I don't even remember my time at the trial. Why isn't it sufficient to carry their threshold burden on summary judgment to point out that in early 2019, he had an evaluation in which he was found to be psychiatrically stable in that appointment. And then they say under Celatex, you have the ultimate burden of proof on the issue at trial. You need to show something post January 2019 that shows that he still has a mental deficiency that would qualify for tolling. And did you present any such post January 2019 evidence in response to that summary judgment motion? We did not, your honor, because first, we had no burden to. Yes, you do have a burden. I mean, Celatex says, Celatex seems to reject exactly the argument you're making. Celatex does not require a party who moves for summary judgment on an issue on which they do not have the burden of proof to disprove the issue. Instead, it says they can make, they can point out the other side has the burden of proof and then make some kind of showing, which may depend on the facts, as to why they think the party with the burden of proof won't be able to carry it. And here they presented some evidence that he had gotten better. In January 2019, he had this report that looks like, gee, he doesn't qualify for tolling. Why isn't that enough to say, all right, you have to bring forward something to show you can carry your burden of proof after January 2019? They did not eliminate the possibility that William does not even remember his time at the jail or that he ever gained an understanding of what harm the defendants did to him. Let me ask it a different way. What evidence did you put forward in opposition to summary judgment to show that you could carry your burden of proof under Celatex? We showed his lengthy history of acute psychosis. All of which is pre-January 2019, correct? Correct. And nothing post-January 2019? Correct. But you need to get past January 19 to have tolling in this case, correct? Correct. Yes. But for what date do you need to get up to? Do you need to get up to, do you need to show mental deficiency as of, say, 2020? The exact date of the complaint filing escapes me, Your Honor, but two years prior to that. 2021. 2021. Yeah. July of 2021. Yeah. And the tolling is capped at one year after recovery. Is that correct? According to the district court. According to the statute. No. No. The statute, the statute holds that the statute of limitations is told so long as the mental deficiency prevents the party from understanding rights that he is otherwise bound to know. Correct. And that is capped at five years. That's in subsection three, is the tolling. But then subsection four says the time for commencing an action may not be extended under subsection three, so the tolling you just described, of this section for more than five years or for more than one year after the person no longer has a disabling mental condition that bars the person from comprehending rights that the person is otherwise bound to know, whichever occurs first. So if he had recovered in January 2019, then even with tolling up to that point, it would expire by January 2020 because it's capped at a year. So you have to show in order to justify a July 2021 filing, it would seem that as of at least July of 2020, he still had a disabling mental condition. Am I wrong in that? You're correct, Your Honor. But let's not forget that however stable William appears at any given point in time, he is still a diagnosed schizophrenic and that is not going away. But there are two psychologists who evaluated him for competency to stand trial. And even though he still had schizophrenia, I guess they both found him competent to stand trial and he did stand trial. Yes, he did understand his rights as to the criminal prosecution, but the tolling statute is concerned with what does he comprehend about his rights that were violated by the defendants. So we're dealing with apples and oranges here. And to say that, well, he understood his rights in the criminal prosecution. Therefore, he must understand his rights per the tolling statute. That is a false equivalency. The burden then was on you to provide some evidence that he didn't understand what happened to him because you have the burden, at least for to show tolling the statute of limitations. It's your burden. So you have to produce some evidence that in addition to schizophrenia, he didn't understand what had happened to him. Respectfully, I don't agree, Your Honor. Defendants would have had to have shown something as to William's level of understanding towards the harm done to him and they showed nothing. They took his deposition. They could have submitted any portion of that deposition if they thought it was helpful and they didn't, which should be telling. So yes, we need a disabling mental condition to satisfy the tolling statute, but we also need a showing of his understanding of the harm done to him. In order for the burden to shift to the plaintiff for purposes of summary judgment, defendant would have to show something as to William's understanding of his time at the jail. They offered nothing. They showed that he was stable at various points of time, but they didn't provide, okay, what does he actually understand and therefore the burden never shifted to the plaintiff. And I believe the State of Thompson makes this quite clear. In that case, the grieving mother who had lost her child, well, she was not mentally ill. She was not mentally disabled. She returned to work not long after her infant's death and she was able to care for her other three children, but that was not dispositive to the Oregon Court of Appeals because the real question was whether the mother's grief and PTSD prevented her from understanding that the hospital was at fault. The defendant in that case did offer evidence that, well, the mother went to work and she's caring for her other three children. Therefore, she doesn't have this disabling mental condition, but that was not enough for the Oregon Court of Appeals to affirm the grant of summary judgment. And for the same reasons, William's mental stability at various points in time should not have been the district court's focus. What is your position on whether it's your client's obligation to show by a clear and targeted understanding of who was to blame for the harm? Is that a burden that you take on or you say is too high or too low? What is the plaintiff's burden on this point? Right. Tied to this concept of a clear and targeted understanding. Well, for purposes of summary judgment, the plaintiff had no burden because the defendant didn't meet their initial burden, showing some level of understanding, so it never shifted. Am I understanding your question correctly? You are. Thank you. Okay. Thank you. Getting back to William's understanding of his rights in the criminal prosecution, that's just as relevant as his understanding towards his constitutional right of freedom of speech or right to be free from unreasonable searches and seizures. Those are irrelevant because they aren't the rights that the tolling statute is referring to. If there are no further questions, I would like to reserve the remainder of my time for rebuttal. All right. Thank you, counsel. We'll hear now first from Ms. Schroer. Did I pronounce that correctly? Schroer. Schroer. You can say it however you want. All right. May it please the court and counsel, Janet Schroer, on behalf of the county defendants, I have part of the time and I'm sharing part of the time with the co-defendant. The district court correctly determined that plaintiff's claims are barred by the—they were not told and barred by the statute of limitation because there was no evidence the record showing that Mr. Derby's mental condition rendered him unable to understand his rights as of July of 2017 or at the very latest, January of 2019, which are both more than two years before he filed. What's your understanding—I went through this colloquy with your opposing counsel—what's your understanding of what's the relevant timeframe in order for there to be tolling for a July 2021 filing? Is it that he has to be—have a disabling mental condition as of July of 2020 or would some earlier day be sufficient for him to proceed with tolling? Well, the record demonstrates that he was able to comprehend his rights as early as 2017, but I guess— No, I understand that's your argument, but I want to know where— Latest date. I want to know where the relevant legal line is so that we can then say here's the legal line and here are the facts. So I'm trying to figure out—it looks to me like it's July 2020, but help me out if I'm wrong. I thought he filed—I think that's correct because you're looking at the one year and in no event no more than one year from the date. So if he got better, am I correct in reading the statute that if he got better as of January 2019, then he's too late because it's limited to one year after he gets better and the suit was filed more than two years after January 2019. So it would look like it would have to be July of 2020 with the one year cap after you get better. Right. And in any event, I mean, there's no such evidence that it's creating an issue of fact that he had a disabling mental condition after 2019. So even with the one year— But you have some threshold burden under Celatex to explain to the court why you believe that the plaintiff will not be able to carry his burden of proof on this issue. What did you put forward in order to establish that he would not be able to carry his burden of proof? Sure. And we agree under Celatex, we had the burden to make an initial showing. And our initial showing was—well, plaintiffs—our initial showing was multiple records from 2016, 17, and through 2019. Medical records demonstrating that he was of sound mind, able to comprehend his rights, and able to process information that he was feeling fine, that he wasn't experiencing psychosis or other mental conditions that would otherwise keep him from comprehending his rights. And it is significant that the court found that he was able to stand trial. He was competent to stand trial. That is a very high burden. And he was able to—the court or the medical provider found that. And we provided all that evidence to the court. I believe your opposing counsel said, when I asked that same question, it's like comparing apples and oranges. What's your response to that? He's wrong. We don't have to show that plaintiff comprehended the harm that he claims came from the defendant's conduct. The question is, was he able to comprehend the rights that he had? And we demonstrated through the medical records that we had, he had and was able to comprehend that. And we went beyond our burden. So we carried our burden, which transferred the burden over to plaintiff, and they didn't meet it. But we also demonstrated that he had complaints in 2017 about his jail stay. And he expressed those to his medical provider. So it wasn't like he was a blank slate. He didn't know what was going on. He expressed those. And we put those records in the file as well before the district court. And, you know, complaints about all kinds of different things that happened at the jail. So he was able to comprehend his rights and articulate his issues with them. And the standard isn't what he knew. The standard is knew or should have known. And when he was able to articulate that he had problems with the jail circumstance, I mean, we more than demonstrated that. And again, we don't have to show he was harmed. We don't think he was harmed. But we don't have to demonstrate that he identified the very harm. We just have to demonstrate he was able to comprehend his rights. And he was able to comprehend his rights. And they showed nothing to the contrary. They said, you know, we took his deposition. We didn't have any burden to show what his deposition showed. The burden was, was he competent? Was he able to comprehend his rights? And the medical providers clearly demonstrated that he did. And they came up with nothing else. So the question was, did we negate an essential element of the opposing party's claim or defense? We did. It's under Celotex. We did by demonstrating with the records that he did understand his rights. And then we also put it up there. Well, what else is there? And by virtue of the fact, there was no contrary evidence. And so we met both of those tests and supplied the court with all the, all the evidence that supported the trial court's decision. Plaintiff contends under the Thompson case that we have to show plaintiff comprehended the actual harm in question here. And I just want to point out the Thompson case, as we stated in our brief, was decided under Oregon law. And Oregon law doesn't provide discovery of experts. That's nothing that anybody else has. But Oregon has that rule. And so in order to get around requiring plaintiff to disclose an expert in connection with a summary judgment motion, they allow opposing party to put in what's called a 47E declaration or affidavit stating I have an expert who will create an issue of fact on this. So the Thompson case was decided in the context of an ORCP 47 declaration. And the declaration stated, stated that they had an expert to testify about the impact of PTSD and plaintiff's depression diagnosis and the impact that had on plaintiff's ability to recall and her comprehension and her memory. There's nothing in this record about that. Plaintiff couldn't have relied on a 47E affidavit here because we don't have that in Federal court. But plaintiff could have, and if they wished to create an issue of fact for trial, if there had any evidence to support that he had a condition that kept him from comprehending his rights or delayed his comprehension or anything like that, such as they had in the Thompson case, it was incumbent on plaintiff to do that. Can you reconcile, you point out the Oregon statute, tolling statute, and I think correctly it says they have to show that the mental condition bars a person from comprehending his or her rights. But the Thompson case uses slightly different language, which is what your friend on the other side latches on to, which is the mental condition bars the person from knowing that the defendant had harmed him or her. So how do we reconcile that slight difference in language? Well, I think Thompson is informed by the record that was provided in that case. And so the question in looking at a summary judgment record, it has to do with what is the evidence before you? It's the same in the other cases. And that was the nature of the discussion in the parties in the trial court about what plaintiff comprehended because there was part of it that she knew about and the statute was barred and part of it she wasn't, and they had the 47E affidavit. And there's nothing in the statute that says you have to comprehend the actual harm from the defendant. The statute only says that you have to comprehend your actual rights. And Thompson, they were arguing and had this 47E affidavit, and that is the distinguishing factor there. And the language wasn't referring to specifically the legal standard. It was talking about the evidence in that case. And we don't have any such evidence in this case. We only have evidence, uncontradicted, that plaintiff understood his rights at the very latest, I guess, in January of 2019. And so the Thompson case was distinguishable. I also want to point out that we have alternate grounds for affirmance and that in the event the Court didn't uphold the summary judgment on the basis that the district court found the statute of limitations, we have alternate basis on the merits. The district court judge didn't reach those. The magistrate judge did. Correct. But the district court judge didn't. Correct. So we would be reviewing those in the first instance rather than sending them back to the district court? Yeah. I understand the law is if, yeah, if the decision below is correct, it can be affirmed on any ground that was raised. And those grounds were raised and fully briefed. And plaintiff waived part of plaintiff's objections to those because he didn't even object to our filings in the district court. And he has not raised any of those issues in connection with this appeal. So we think this Court, A, can fully review those. Some of them plaintiff has waived. Some of them are non ‑‑ their objections were nonmeritorious. So in the alternative, in the event you did not find for the defendants on the statute of limitation, we believe the Court, the law, permits you to look at those. And plaintiff didn't even oppose it when we raised it in our responsive brief. Okay. All right. Thank you, counsel. So we'll hear next from Mr. Taylor. Good morning, Your Honors. Ross Taylor. May it please the Court, Ross Taylor on behalf of appellee Nancy Ronan, who's a doctorate nurse practitioner. As we did with the briefing, we are adopting and joining the arguments on the statute of limitations made by the county. I think it was well argued this morning. And I would defer any questions on the statute of limitations to our co‑counsel. Counsel, we have administratively closed this case as to correct care solutions. You may not be the one to address this. But does that bankruptcy have any impediment on our issuing a decision? No, I don't. And I think that if we look at the record of this case, there was a bit of a, I guess, a little bit of hiccup or speed bump. So there was the stay of proceedings from that bankruptcy case, stay of the proceedings as to WellPath, who was formerly as Correct Care Solutions, and Nancy Ronan, who was a provider employed by Correct Care Solutions WellPath. WellPath was discharged through the bankruptcy. The Ninth Circuit briefly terminated the appeal as to both Ms. Ronan and Correct Care Solutions. Plaintiff's counsel corrected the record. We did not oppose that. So to clarify the record, WellPath Correct Care Solutions is out, has been terminated from this. But there was an opt‑out and the appeal proceeds as to nurse practitioner Ronan. Thank you. So I reserved ‑‑ Your understanding is the appeal is over as to WellPath because of the discharge, and so they're not going to, like, be coming back at some future point. Correct. I've learned more about bankruptcy through this than I maybe cared to. But my understanding is that a claimant could proceed with claims in the Bankruptcy Court, but that would be separate from anything here and does not bind or limit any decision made today. This was touched on at the closing of argument by counsel, but I do want to emphasize, because I think that the underlying briefing and really the argument by appellee here today has kind of misstated or even suggested they misunderstand their own appeal. This is a de novo review of summary judgment, meaning regarding Ms. Ronan, was she entitled to judgment as a matter of law? That was reviewed twice in the district court, first by the magistrate and then by the district court judge, both of whom found that she was. So this goes to the alternate grounds issue. I think it's well established that de novo review means that this court can affirmatively say that judgment as a matter of law was warranted on any grounds. There's been a lot of the briefing, plaintiff's briefing has been exclusively focused on the statute of limitations issue, but that's not really what the issue is here. The issue is, was the county, were the county defendants or were Ms. Ronan entitled to judgment as a matter of law? And I think that's remarkable to look at, not only for the compelling statute of limitations grounds, but on the underlying claims, which really have just been ignored, I think, remarkably in the appellee's brief, but even more so in the reply. So I think if we look through those, the record was replete and I don't want to, I'm short on time so I won't belabor the points, but several of the claims, at least in part, were conceded before the magistrate judge. Plaintiff said, you're correct, we don't have claims on those grounds. Summary judgment is appropriate. So the claims against Ms. Ronan were a 1983 claim of deliberate indifference. Of the three claims articulated, one was conceded by plaintiff and the other two have been shown and were found by the magistrate judge to have not been sufficiently demonstrated or supported with factual proof. There were some vague averments to supervisory liability of Ms. Ronan. The magistrate judge correctly concluded that that was never pled and was improperly introduced as summary judgment grounds. And then finally, the negligence or pendant state negligence claims on medical malpractice, again, those were conceded in part in the hearing before the magistrate judge, not challenged and not argued subsequently that plaintiff could not support those claims. And these claims all fall away if the plaintiff loses on limitations, correct? Absolutely. Absolutely. These are all alternative grounds. I do think it's compelling to point out really that this has been looked at kind of from two different angles. And one court looked at it and correctly determined that the statute of limitations barred this. That's been well discussed and documented today. Did you say that the district court did, as to Nurse Ronan, did adopt the alternative ground that the claims against her failed on the merits and not just on timeliness? No, I did not mean to suggest that. Oh, okay. I thought you had said that and I didn't think that was correct. If I misspoke, I apologize. That was not the intention of what I was trying to say. I think what the district court did, which I think we've all understood here as the district court said, we believe these are time barred and I'm not going to reach these other grounds. I guess what I was just trying to emphasize here is I kind of think the colloquial theory of right on any grounds doesn't necessarily need to be the statute of limitations. Okay. All right. Thank you, counsel. Thank you. All right. We'll hear rebuttal. I would just like to reiterate that unadopted magistrate court's findings and recommendations are not subject to this review, as we stated in our brief. We certainly have discretion to do so. I mean, it's a question of law. It was fully briefed presented to the district court with a magistrate judge recommendation. If we chose to do so, I think the law is clear we would have the discretion to do so. We could also exercise the discretion to just send it back, have the district judge do it first and then review it. But I think the law is clear that we would have discretion to do so. I'm not so sure, Your Honor. As we pointed out in the Serene v. Peterson case in our brief, magistrate judge's findings and recommendations are not appealable because they cannot form the basis of a final judgment without subsequent intervention by the district court. All right. But here there is a final judgment. And when there's a final judgment, we can review the grounds for the judgment that the judge gave, as well as the other things briefed by the parties to the judge that the judge didn't reach. If they're reviewable de novo, then we could review them as alternatives. All right. Well, I have nothing more to add on that point, Your Honor. I would also like to point out that just because William is mentally stable at a given point in time doesn't mean that as soon as he starts taking his medication, he understands that he was harmed at the jail. And it says nothing about when he gained that understanding or if he ever did. And defendants needed to foreclose that possibility to meet their burden. The district court committed reversible error in its order granting defendants motion for summary judgment that should be reversed. If there are no other questions.
judges: COLLINS, LEE, Fitzwater